MEMORANDUM *
Beiguang Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (BIA) order dismissing his appeal of an immigration judge’s (IJ) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny Chen’s petition.
1. Substantial evidence supports the BIA’s adverse credibility determination. At his credible fear interview, Chen answered “no” when asked if he “ever had any problem with police and/or other governmental authorities in China.” Chen’s answer directly contradicts his later testimony that police and local officials threatened him with fines, confiscated his personal property, and forced his wife to have an abortion. The inconsistency between Chen’s statement at his initial interview and his later testimony is more than trivial. Under the Real ID Act, the IJ and BIA were permitted to rely on that inconsistency in finding Chen not credible. See Shrestha v. Holder, 590 F.3d 1034, 1043-44 (9th Cir.2010).
For the first time at oral argument, Chen’s counsel argued that the IJ denied Chen an opportunity to explain the inconsistency, and that the IJ’s and BIA’s decisions failed to give reasoned consideration to the explanation that Chen’s former counsel provided at the merits hearing. We lack jurisdiction over these arguments because they were not raised before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
In the absence of credible testimony, Chen’s asylum and withholding of removal claims fail, so we deny the petition with regard to those claims.
2. Substantial evidence supports the BIA’s and IJ’s determination that Chen failed to establish it is “more likely than not” that he will be tortured upon his return to China. 8 C.F.R. § 1208.16(c)(2). Apart from his testimony, Chen has not provided any evidence specific to him that torture is likely to occur. Nor has Chen identified any other evidence in the record that undercuts this determination. Cf. INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (“To reverse the BIA[’s] finding we must *206 find that the evidence not only supports that conclusion, but compels it...
The dissent maintains that the IJ and BIA failed to consider the Country Report. Failure to demonstrate consideration of probative evidence contained in a country report may warrant the inference that the agency failed to consider relevant evidence in the record in violation of the alien’s due process rights. See Aguilar-Ramos v. Holder, 594 F.3d 701, 705 (9th Cir.2010). Here, however, the Country Report contains no probative evidence, and so there is no basis for inferring, from the IJ’s and BIA’s silence, that they failed to consider it. See Cole v. Holder, 659 F.3d 762, 772 (9th Cir.2011) (“[Flailing to mention highly probative or potentially dispositive evidence” warrants an inference that the evidence was not considered); see also Larita-Martinez v. INS, 220 F.3d 1092, 1095-96 (9th Cir.2000) (“[A]n alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence.”). We therefore deny Chen’s petition with regard to his CAT claim.
Petition for review DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.